# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ASHLEY CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION 10-00256-KD-B |
| | ) | |
| DOLGENCORP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Dolgencorp, LLC's Motions to Dismiss and Supporting Memorandums. (Docs. 6, 7, 20, 21). Defendant's motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of the motions and memorandums, and Plaintiff's responses in opposition, the undersigned RECOMMENDS that the motions be denied.

## I. Background

Plaintiff Ashley Crawford filed the instant action on May 19, 2010 against Dolgen Corporation, Inc., d/b/a Dollar General. In her original Complaint, Plaintiff alleged that she was employed by Defendant in March 2008, and was terminated in April 2009 for allegedly violating the store's closing procedures. (Doc. 1). According to Plaintiff, while pregnant she was able to perform her job duties, and she provided Defendant with two letters from her doctors indicating that she could perform her

duties. (Id. at 2). Plaintiff states she worked continuously until she was taken off work for a week due to contractions, and was terminated almost immediately after returning to work for a false reason, namely violating the store's closing procedures. (Id. at 2-3). Defendant filed its initial motion seeking the dismissal of Plaintiff's original Complaint on June 15, 2010. (Doc. 6) Defendant argues that Plaintiff's Complaint does not contain any facts from which one could plausibly infer a claim of pregnancy discrimination, and that her claim should be dismissed because she failed to meet the threshold pleading requirements of Fed. R. Civ. P. 8(a).

Plaintiff filed a response in opposition to Defendant's motion (Doc. 16) and an Amended Complaint (Doc. 17). In her response, Plaintiff asserts that her allegations that she was pregnant, that Defendant was aware of her pregnancy, and that Defendant terminated her for a false reason are sufficient to establish a prima facie case for pregnancy discrimination. In her Amended Complaint, Plaintiff added the following allegations: (1) that a few days prior to her termination, a coworker overheard management discussing what to do with Plaintiff after she returned from pregnancy leave, (2) that while Defendant contends that a district manager had viewed a store video which confirmed that Plaintiff did not lock the store safe, Defendant has refused to produce a copy of the video, and a coworker has confirmed that the store and safe was in fact locked when she arrived, along with the store manager,

2

the day following the incident in which Plaintiff purportedly failed to follow the store closing procedures.

In Defendant's second motion to dismiss and supporting memorandum (Docs. 20, 21), Defendant contends that Plaintiff's Amended Complaint should also be dismissed because it too suffers from the same pleading deficiencies as Plaintiff's original Complaint. According to Defendant, the Amended Complaint contains no factual averments that support the existence of direct or circumstantial evidence of discrimination. Moreover, the Amended Complaint contains no comparators, no alleged comments and no averments that would make it plausible that pregnancy-related animus underlay the decision to discharge her.

In her response (Doc. 25), Plaintiff argues that she is not required to plead facts demonstrating a prima facie case in order to withstand a motion to dismiss, and that she has alleged facts which, if proven, would support a jury verdict of intentional pregnancy discrimination. Specifically, Plaintiff points to the factual allegations in her Amended Complaint, namely that she was pregnant, that notwithstanding her pregnancy, she was able to work without restrictions, that she provided Defendant with two letters from her doctor confirming her availability to work, that management was contemplating what to do with her after she returned from pregnancy leave, that she had to be off work for a week due to contractions, that following her first day back to work, she was terminated for

3

violating the store's closing procedures, that the reason given for her termination was false, and that Defendant has failed and refused to produce a video which purportedly supports the Company's decision to terminate Plaintiff.

**II. Discussion**

**A. Legal Standard**

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. _ _, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw [p]laintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require

4

detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Title VII of the 1964 Civil Rights Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In 1978, Congress passed the Pregnancy Discrimination Act ("PDA") and amended the definition of "sex" as follows:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other

5

> persons not so affected but similar in their ability or inability to work.

42 U.S.C. § 2000e(k)(1994).

### B. Defendant's Contentions

Turning first to Defendant's assertion that Plaintiff's Complaint and Amended Complaint fail because they contain no comparators, no alleged comments and no averments that would make it plausible that pregnancy-related animus underlay the decision to discharge Plaintiff, the undersigned observes that Defendant appears to be arguing that Plaintiff has not established a prima facie case of pregnancy discrimination under the *McDonnell Douglas* standard. However, the Supreme Court and the Eleventh Circuit have rejected the notion that the failure to plead each element of a prima facie case in an employment complaint mandates dismissal at the Rule 12(b) stage. *See* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)("we hold that an employment discrimination plaintiff need not plead a prima facie case of discrimination ... to survive respondent's motion to dismiss."); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008)("a Title VII complaint need not allege facts sufficient to make a classic *McDonnell Douglas* prima facie case"); *See also* Valentine v. Legendary Marine FWB, Inc., 2010 U.S. Dist. LEXIS 40425, (N.D. Fla. April 26, 2010)("It is not

necessary to plead facts demonstrating a valid *prima facie* case of discrimination, which is an evidentiary standard, in order to withstand a motion to dismiss for failure to state a claim."); Williams v. Aircraft Workers Worldwide, Inc., 2010 U.S. Dist. LEXIS 74965 (S.D. Ala. July 22, 2010)(court held that the McDonnell Douglas standard is properly performed at the summary judgment stage, not the Rule 12(b) stage).

Defendant also argues that Plaintiff's Complaint and Amended Complaint are deficient because they do not contain any factual allegations that support the existence of direct or circumstantial evidence of pregnancy-related animus. Defendant is correct in its assertion that Plaintiff has not alleged any direct evidence of discrimination;[1] however, the undersigned finds that Plaintiff has alleged facts sufficient to nudge her

---

[1] Absent direct evidence, discrimination claims are subject to the *McDonnell Douglas* burden shifting analysis. Holifield v. Reno, 115 F.3d 1555, 1561-62 (11th Cir. 1997). Pursuant to that approach, to survive summary judgment, a plaintiff must first establish a prima facie case of discrimination. Combs v. Plantation Patterns, 106 F.3d 1519, 1527-28 (11th Cir. 1997). The burden of "[d]emonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." Holifield, 115 F.3d at 1562. If the plaintiff establishes a prima facie case, it is presumed that the employer unlawfully discriminated against him or her until the employer articulates some legitimate, nondiscriminatory reason for the employment decision. Combs, 106 F.3d at 1528. If the employer makes such a showing, the plaintiff must then prove by a preponderance of the evidence that the articulated reason is false and offered as pretext for the unlawful discrimination. Id.

7

claim "across the line from conceivable to plausible". In other words, the facts alleged by Plaintiff, including Defendant's knowledge of her pregnancy and discussion of where to place Plaintiff upon her return from pregnancy leave, the timing of Plaintiff's termination, and the complete falsification of the reason for her termination, are a sufficient basis from which a fact finder could reasonably infer unlawful pregnancy discrimination. *See* <u>Valentine v. Legendary Marine FWB, Inc.,</u> 2010 U.S. Dist. LEXIS 40425 (N.D. Fla. April 26, 2010)(holding that plaintiff's assertion that she was terminated while on maternity leave was sufficient to state a plausible claim of pregnancy discrimination). Of course, at this stage, it is not at all clear whether discovery will bear out Plaintiff's factual allegations; however, the allegations suffice to place Defendant on notice of Plaintiff's claims and to create an inference of unlawful discrimination.

### III. <u>Conclusion</u>

For the reasons set forth herein, the undersigned recommends that Defendant's Motions to Dismiss be denied.

The attached sheet contains important information regarding objections to this <u>Report and Recommendation</u>.

**DONE** this **9th** day of **September, 2010.**

                                  **_ /s/ SONJA F. BIVINS_____**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen** days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)( c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten[2] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[2]The Court's Local Rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                       **_ /s/ SONJA F. BIVINS_____**
                                       **UNITED STATES MAGISTRATE JUDGE**